**Joann MUSTO, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LAUREL HILL FOODLAND, Great Central Insurance Co.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 10, 1994.

Decided Dec. 14, 1994.

Joseph B. Policicchio, for petitioner.

Jerome P. Grossi, for respondents.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Joann Musto (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (WCAB) that reversed a referee's denial of Laurel Hill Foodland's (Employer) suspension petition. We affirm.

On April 6, 1989, Claimant sustained a work-related injury in the nature of carpal tunnel syndrome of the left wrist. Claimant received total disability payments. On August 14, 1990, Employer filed a suspension petition because Claimant refused to accept a light-duty position within her physical limitations which had been approved by her treating physician, William Mitchell, M.D. The light-duty position required Claimant to use only her right hand to lift approximately three pounds.

In September 1991, a few weeks prior to Dr. Mitchell's scheduled deposition, he again examined Claimant. At this examination Claimant complained for the first time about her right shoulder. Based upon these complaints, Dr. Mitchell at his October 1991 deposition, testified that he had changed his opinion concerning Claimant's ability to perform the modified job offered by Employer based upon the right shoulder non-occupational involvement.

Following a hearing, the referee made the following pertinent findings of fact:

17. After a careful review of the evidence and particularly in light of Dr. Mitchell's recantation of his initial opinion relative to the modified job, I have no recourse but to find that the Claimant is not physically capable of performing said position. The Defendant accepts the Claimant as a whole person and the inability to perform the position based on a non-occupational physical problem, does not relieve the [Employer] from compensation. Dr. Mitchell found some objective findings albeit small.

18. Total disability shall continue to the Claimant.

19. I find that the Claimant was less than candid to all parties involved, including the physicians. There is no evidence of record that the Claimant is treating for the right shoulder problem. The Claimant never attempted to perform the modified job although she indicated a willingness to do so at the hearing of October 9, 1990. Also it seems self-serving that on the eve of the medical deposition, that the Claimant would recite to her treating physicians complaints which would preclude the performance of the modified job. However, since the medical testimony is what it is, I have no recourse but to accept same.

20. Based on what I perceive as chicanery on the part of the Claimant, I suspend compensation for the period June 21, 1990 (the date on which Claimant was first notified of the modified job) through October 24, 1991, (deposition of Dr. Mitchell). Further, I waive any interest owed to the Claimant for compensation on and after the Supersedeas suspension or from February 4, 1991 to the present. This is based on Claimant's lack of good faith in this matter.

(Referee's Opinion at 4.) Thus, the referee granted total disability benefits from October 25, 1991 onward without the obligation of interest.

Employer appealed and the WCAB reversed based upon this Court's holding in *Sheehan v. Workmen's Compensation Appeal Board (Supermarkets General)*, 143 Pa.Commonwealth Ct. 624, 600 A.2d 633 (1991). In *Sheehan*, we held that "[p]hysical limitations taken into consideration to determine job availability cannot be construed to include those physical limitations resulting from a non-work-related injury with no causal connection to the prior work-related injury nor which are related to physical limitations existing prior to the injury." *Id.* at 632, 600 A.2d at 637.

■ On appeal to this Court,[1] Claimant argues that the WCAB erred in reversing the referee because the referee correctly considered the non-work-related injury in determining that the available employment was not within Claimant's physical limitations. We do not agree.

■ An employer must show that work is available within the Claimant's physical restrictions and limitations. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). A claimant's pre-existing physical limitations are a factor considered when determining that work is available. Physical restrictions and limitations resulting from the work-related injury include those existing or flowing from conditions already existing, prior to the injury. However, Claimant never complained to Dr. Mitchell prior to September 1991, one month before his deposition, about her right shoulder.

■ The purpose of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031, is not to compensate an employee for all injuries occurring away from the job during the period that the employee is recovering from his work-related injury. The intent of the Act is to compensate only work-related injuries or those causally connected thereto. The employer in a modification proceeding must merely show available work within the claimant's physical limitations which are *causally* related to the prior work-related injury. Nowhere in Dr. Mitchell's

---

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

testimony did he relate that Claimant's right shoulder injury was related to the work-related left wrist injury. The effects of a subsequent non-work-related injury are irrelevant in determining the claimant's physical limitations in offering alternative work. Therefore, we hold that the WCAB did not err in reversing the referee as a matter of law.

Accordingly, we affirm.

## ORDER

AND NOW, this 14th day of December, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.